1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9  INSURANCE COMPANY OF NORTH
   AMERICA, a Pennsylvania Corporation,

10                                        No.  C05-2017Z
                        Plaintiff,

11  v.                                    ORDER

12  SAN JUAN EXCURSIONS, INC., a
    Washington Corporation; ROGER J. HOFF
13  and JANE DOE HOFF, and their marital
    community; and ALEX M. RALSTON,
14  individually,

15                        Defendants.

16

17       This matter comes before the Court on Director, Office of Workers' Compensation

18  Programs, United States Department of Labor's ("Director") motion for partial dismissal for

19  lack of subject matter jurisdiction, docket no. 36.  The Court being fully advised now enters

20  the following Order.

21  **BACKGROUND**

22       Plaintiff Insurance Company of North America ("INA"), a Pennsylvania corporation,

23  is seeking a declaratory judgment on maritime insurance coverage against Defendants San

    Juan Excursions, Inc. ("San Juan"), and Alex Ralston.  Compl., docket no. 1, at ¶ 1.
24
    Defendant San Juan is a Washington Corporation that operates a whale watching business
25
    using the M/V ODYSSEY.  Compl. at ¶ 2, 5; San Juan's Answer and Countercls., docket no.
26
    10, at 1-2, ¶ 2, 5.  Defendant Ralston is a former employee of San Juan's who was severely

ORDER   -1-

injured while working on the vessel.  Compl. at ¶ 13; San Juan's Answer and Countercls. at 3, ¶ 13; Ralston's Answer and Affirmative Defenses, docket no. 6, at 3, ¶ 13.

INA insured the M/V ODYSSEY.  The Policy included statutorily-required coverage for benefits claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950.  Compl. at ¶ 7; Policy, docket no. 41, ex. 1, at 5, 13; San Juan's Answer and Countercls. at 4-5, ¶ 5.  After Mr. Ralston was injured, he filed an LHWCA claim against San Juan and INA to recover benefits under the Act.  OWCP NO. 13-141942, OALJ NO. 2005-LHC-00637; Compl. at ¶ 3; San Juan's Answer and Countercls. at 5, ¶ 9.  Mr. Ralston also filed a personal injury claim against San Juan in Tacoma District Court.[1]  See Ralston v. San Juan Excursions, Inc., No. 05-5308, 2006 WL 328404 (W.D. Wash. Feb. 9, 2006).  That claim has been dismissed in its entirety, id., but Mr. Ralston has appealed the decision.  Def. Ralston's Reply to Pl.'s Resp. to Mot. Partial Summ. J., docket no. 55, at 8.

INA instituted this action seeking a judgment declaring the rights and obligations of the parties under the policy.  Specifically, INA seeks a declaration that there is no duty to defend and/or indemnify San Juan for any claim arising from Mr. Ralston's injuries because San Juan allegedly violated the lay-up warranty in the policy.[2]  Compl. at 5, ¶ 15.

This Court recently granted permissive intervention to the Director.  Order, docket no. 57.  The Director now moves for partial dismissal due to lack of subject matter jurisdiction. He argues that the Court must dismiss the portion of this action relating to INA's liability for

---

[1]  Section 905(b) of the LHWCA allows employees to sue the owner of the vessel for negligence.  33 U.S.C. § 905(b).

[2]  The "Lay-up Warranty" is defined by the Policy as "a series of consecutive months during the policy period when your vessel is laid up and out of commission.  During this time your vessel must be laid up in a safe berth ashore or afloat, and not navigated or used for living aboard."  Policy at 16.  In defining "warranty," the Policy states: "Warranty means an agreement in the policy or provided by the law that must be strictly and literally complied with: A breach of warranty voids the insurance contract during the term of such a breach."  Id. at 9.

Mr. Ralston's LHWCA benefits claim because the OALJ has exclusive jurisdiction over this matter.  INA opposes the motion.  Mr. Ralston does not oppose the motion, but emphasizes that granting this motion should not divest the Court of subject matter jurisdiction over the contractual issues related to Mr. Ralston's Section 905(b) negligence claim.  San Juan did not respond to the Director's Motion.

## DISCUSSION

### I.  Legal Standard

Federal courts are courts of limited jurisdiction; it is presumed that they do not have jurisdiction unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  Where the issue of subject matter jurisdiction is purely a question of law and does not involve the merits of the case, the court need not accept the plaintiff's allegations as true, and the existence of disputed facts does not preclude resolving the issue in favor of the moving party.  Cascade Conservation League v. Seagale, Inc., 921 F. Supp. 692, 696 (W.D. Wash. 1996) (citing Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

### II.  Statutory Background

"The Longshore Act is a worker's compensation plan under which employers subject to the Act are required, within statutory limits, to compensate their employees for job-related injuries or deaths."  Thompson v. Potashnick Constr. Co., 812 F.2d 574, 575 (9th Cir. 1987); see 33 U.S.C. § 904.  The Act covers land-based maritime workers who perform a variety of tasks on or around vessels.  Thomas J. Schoenbaum, Admiralty and Maritime Law 312 (2d ed. 1994).  "The whole theory of the Act is to provide the injured workman with certain and absolute benefits in lieu of common law damages."  United Marine Mut. Indem. Ass'n v.

Marshall, 510 F. Supp. 34, 36 (N.D. Cal. 1981), aff'd sub nom. United Marine Mut. Indem. Ass'n v. Donovan, 701 F.2d 791 (9th Cir. 1983).  Pursuant to 33 U.S.C. § 904, every employer is liable for and must secure compensation payments to their employees. Employers may fulfill this duty either by obtaining insurance from DOL-authorized insurance carriers or by qualifying as a self-insurer.  See 33 U.S.C. § 932.

"The insurance relationship under the LHWCA is closely regulated for the security, prompt provision, and convenient supervision of payments of benefits to the worker," and "[t]he carrier of record for the entity ultimately determined to be the responsible employer under the LHWCA must bear the liability for the compensation of the claimant."  Temp. Employment Servs. v. Trinity Marine Group, Inc., 261 F.3d 456, 464 (5th Cir. 2001) (citing, inter alia, 33 U.S.C. §§ 932, 935-36); see also Marshall, 510 F. Supp. at 36 (insurance carriers are "scrutinized" in an effort to provide certain and absolute protection).

Claims are initially filed with a DOL District Director, 33 U.S.C. § 919(a),[3] and disputes requiring a hearing are subsequently referred to Administrative Law Judges ("ALJs").  See id. at § 919(c)-(d).  ALJs are vested with "[a]ll powers, duties, and responsibilities" formerly vested in deputy commissioners, id. at § 919(d), which include the "full power and authority to hear and determine all questions in respect of such claim."  Id. at § 919(a) (emphasis added).  "Such claim" refers to "a claim for compensation."  See id.

Prior to the 1972 amendments to the LHWCA, compensation orders were directly reviewable by the district court; however, in 1972 Congress created the Benefits Review Board ("BRB") to hear all direct appeals.  Ceres Gulf v. Cooper, 957 F.2d 1199, 1206 (5th Cir. 1992); see also Marshal v. Barnes and Tucker Co., 432 F. Supp. 935, 937 (W.D. Pa. 1977) (stating that the 1972 amendments reflected "legislative intent to completely oust such jurisdiction from the district courts").  Final orders of the BRB are reviewable by the United

---

[3] District directors were formerly known as deputy commissioners.  See 20 C.F.R. § 701.301(a)(7) (substituting the term "district director" for "deputy commissioner").

ORDER   -4-

1    States Courts of Appeals.  33 U.S.C. § 921(c).

2          The current role of district courts with respect to LHWCA benefits claims was

3    summarized by the Ninth Circuit Court of Appeals in the Potashnick decision as follows:

4
           The role of the United States District Courts in this scheme is limited.
5          The district court has jurisdiction to enforce an order made and served in
           accordance with law if the employer has failed to comply.  The district
6          court cannot affirm, modify, suspend or set aside the order.  Unlike the
           BRB and court of appeals, the district court has no jurisdiction over the
7          merits of the litigation.  Its jurisdiction is limited to screening for
           procedural defects.
8

9    812 F.2d at 576 (citing, inter alia, 33 U.S.C. § 921(d)).[4]  In other words, district courts have

10   jurisdiction solely over matters that are "wholly collateral to [the Act's] review provisions

11   and outside the agency's expertise . . . ."  Thunder Basin Coal Co. v. Reich, 510 U.S. 200,

12   212 (1994) (internal quotations omitted) (holding that the administrative structure of the

13   Federal Mine Safety and Health Amendments Act, 30 U.S.C. § 801 et seq., was intended to

14   preclude district court jurisdiction over pre-enforcement challenge to the Act); see also

15   Equitable Equip. Co. v. Dir., Office of Workers' Comp. Programs, 191 F.3d 630, 633 (5th

16   Cir. 1999) (holding that ALJ lacked jurisdiction to adjudicate cause of action "wholly

17   unrelated to an underlying claim for compensation" under the LHWCA).

18   **III.  Analysis**

19         A. Exclusivity of Administrative Jurisdiction Over "All Questions in Respect of [a]
20            Claim."

21         The Director argues that the administrative scheme for the resolution of LHWCA

22

23         [4] Aside from enforcement of compensation orders, other bases for filing suit in district
24   court include: (1) if an employer fails to secure payment of compensation as required by the
     LHWCA, an injured employee may maintain an action at law or in admiralty for damages on
25   account of such injury, § 921(a); (2) the employer may sue a third party to recover certain
     benefits if the employee was injured through the fault or negligence of that third party, if that
26   third party was not also an employee, § 907(h); and (3) if the employer defaults in payment of
     compensation due under an award, an employee, following administrative proceedings, may
     obtain a default judgment in district court, § 918(a).  Ceres Gulf, 957 F.2d at 1206 n.13.

ORDER   -5-

benefits claims is exclusive.  Specifically, he asserts that federal district courts have no initial jurisdiction over "questions in respect of [a] claim" because 33 U.S.C. § 919(a) grants the OALJ exclusive initial jurisdiction over such questions.

Although INA, as the party invoking this Court's jurisdiction, has the burden of proving the actual existence of subject matter jurisdiction, <u>Thompson</u>, 99 F.3d at 353, INA does not dispute the existence of exclusive administrative jurisdiction over "all questions in respect of [a] claim." 33 U.S.C. § 919(a).  Instead, INA argues that the contractual dispute in this case is *not* a question in respect of a claim, and the OALJ therefore has *no* jurisdiction over this matter.

The Court presumes that initial administrative jurisdiction over "all questions in respect of [a] claim" is exclusive.  <u>See</u> <u>Comp. Dep't of Dist. Five, United Mine Workers of Am. v. Marshall</u>, 667 F.2d 336, 340 (3d Cir. 1981) ("Because Congress has specifically provided for a statutory scheme whereby claims must first be decided administratively and then reviewed in the courts of appeals, with jurisdiction expressly provided for in the district courts only in specific, limited circumstances, our analysis begins with the presumption that the . . . scheme of review established by Congress . . . was intended to be exclusive.").

B.  <u>Is the Contractual Dispute in this Case a "Question in Respect of [a] Claim?"</u>

**1.  The Ultimate Issue**

It is first necessary to identify the exact "question" which may or may not be a "question in respect of [a] claim."  The parties frame this issue differently.  The Director distinguishes between two different types of insurance coverage provided by the Policy: general maritime insurance coverage and LHWCA insurance coverage.  The Director does not contest this Court's jurisdiction to determine INA's liability under the general maritime coverage provisions.  The Director also states that he does not contest this Court's jurisdiction to determine whether INA might have a remedy against San Juan for breach of

ORDER  -6-

1    contract.  The issue, as framed by the Director, is whether this Court may determine INA's

2    liability to Mr. Ralston on his LHWCA compensation claim.  The Court does not have such

3    jurisdiction, according to the Director, because the identification of the liable insurance

4    carrier is a "question in respect of [a] claim."

5         INA, on the other hand, frames the issue as whether the OALJ has exclusive

6    jurisdiction to adjudicate a private contract dispute between an insurance carrier and an

7    employer.  INA appears to acknowledge that the identification of the liable insurance carrier

8    is an important element in resolving an LHWCA claim, Pl.'s Resp. to Mot. Partial Dismissal

9    at 7, but argues that determining whether INA has a valid breach of contract claim against

10   San Juan is not a "question in respect of [a] claim," and therefore the OALJ has no

11   jurisdiction over this matter.

12        The underlying issue in this case is whether any purported breach of the lay-up

13   warranty by San Juan voided coverage for Mr. Ralston's LHWCA claims and/or other claims

14   under the Policy.  The Director's position appears to be that express warranties in LHWCA

15   insurance policies are unenforceable because such warranties are not allowed under the

16   LHWCA.  See Am. Mot. to Intervene, docket no. 35, at 7 ("In the Director's view . . . the

17   alleged breach is irrelevant to determining INA's liability for San Juan's LHWCA liabilities.

18   . . [INA's] suit necessarily calls into question the proper construction of the statutory and

19   regulatory provisions that are applicable to all insurance carriers under the LHWCA.");

20   Intervenor's Reply to Pl.'s Resp. to Mot. Partial Dismissal, docket no. 62, at 3 ("While [the

21   issue of San Juan's alleged breach of warranty] may be relevant to determining INA's rights

22   vis-a-vis San Juan generally, there are no such warranties in an insurance contract covering

23   LHWCA claims.").[5]  Thus, the ultimate issue presented by the Director's motion is whether

24   the OALJ has exclusive jurisdiction to determine the validity of an LHWCA insurance policy

25

26        [5]  The Court does not reach the issue of LHWCA coverage in connection with this
     motion.

     ORDER  -7-

in the context of an employee's claim for compensation under the Act, where resolution of the coverage dispute involves the interpretation and application of the LHWCA.

No court has discussed whether the OALJ has jurisdiction to adjudicate this type of dispute between an insurer and its insured. Indeed, very few courts–none in the Ninth Circuit–have explicitly addressed the scope of 33 U.S.C. § 919(a)'s language regarding the OALJ's "full power and authority to hear and determine all questions in respect of [a] claim." However, out-of-circuit case law supports the proposition that an ALJ has subject matter jurisdiction over contractual disputes that are integral to the determination of compensation liability.

### 2. Case Law Regarding "questions in respect of [a] claim."

The two leading cases are Equitable Equipment Co. v. Director, Office of Workers' Compensation Programs, 191 F.3d 630 (5th Cir. 1999), and Temporary Employment Services v. Trinity Marine Group, Inc., 261 F.3d 456 (5th Cir. 2001). In Equitable Equipment, an employer sought attorney's fees from its former insurer, arguing that the insurer had breached its duty to defend a compensation claim. 191 F.3d at 632. An ALJ dismissed the claim for lack of jurisdiction, and the BRB and court of appeals affirmed, holding that the cause of action did not involve a question in respect of a compensation claim. Id. at 631. Noting that the employer's claim involved neither a determination of which carrier must pay compensation benefits nor a dispute over potential coverage of a benefits claim, the court reasoned that "Section 919(a) does not vest jurisdiction in ALJs to decide a contract dispute between an employer and its carriers when the cause of action is wholly unrelated to an underlying claim for compensation." Id. at 633. The Court emphasized that a state law breach of contract claim between an insurer and its insured is particularly beyond the jurisdictional reach of 919(a) "when the underlying compensation claim has been resolved and no factual dispute regarding the claim itself must be decided." Id. at 632. The Court also expressed approval of the holding in Rodman v. Bethlehem Steel

Corp., 16 Ben. Rev. Bd. Serv. (MB) 123, 126 (1984), that "an ALJ has jurisdiction to resolve a coverage disputed [sic] between an insurer and its insured only to the extent that the resolution of the dispute was necessary in order to determine compensation liability in claims under the Act." Equitable Equipment, 191 F.3d at 632 (internal quotations omitted).[6]

In Trinity Marine, the Court held that a "question in respect of [a] claim" did not include a dispute over the existence of a contract between two employers, pursuant to which one employer had agreed to indemnify the other from any claims (including LHWCA claims) arising from the claimant's employment. 261 F.3d at 460, 465.  The Court emphasized that "courts have repeatedly rejected attempts to read the 'in respect of' language expansively," and that courts have instead "focused on the fact that the disputed issue must be essential to resolving the rights and liabilities of the claimant, the employer, and the insurer regarding the compensation claim under the relevant statutory law." Id. at 463.  Because the indemnification dispute between the two employers did not involve the claimant's entitlement to benefits or the question of who, under the LHWCA, was responsible for paying those benefits,[7] the Court held that the ALJ did not have subject matter jurisdiction. Id.

Other circuits have reached similar conclusions about the scope of the "all questions in respect of [a] claim" language in cases involving challenges to the DOL's administration

---

[6] In Rodman, the BRB held that ALJs have jurisdiction to adjudicate contractual disputes between insurers and their insured in order to determine the particular liability of an insurance carrier. See 16 Ben. Rev. Bd. Serv. (MB) at 126 (ALJs may adjudicate "those limited insurance contract disputes which arise out of or under the Act, the resolution of which are necessary in order to determine compensation liability in claims under the Act."); see also Weber v. Loveland, 35 Ben. Rev. Bd. Serv. (MB) 190, 193 (2002).

[7] It was clear under the LHWCA that only one of the employers was responsible for paying compensation benefits, and the only issue was whether the other employer had to indemnify the first employer. Id. at 460.

ORDER   -9-

of the Black Lung Benefits Act ("BLBA").[8]   See BethEnergy Mines, Inc. v. Dir., Office of Workers' Comp. Programs, 32 F.3d 843, 848 (3d Cir. 1994) (administrative bodies under BLBA lacked jurisdiction to resolve disputes regarding interest assessed on compensation payments where underlying liability determinations had all been resolved and the interest assessments were not sought on behalf of claimant and did not benefit claimant); Sea "B" Mining Co. v. Dir., Office of Workers' Comp. Programs, 45 F.3d 851, 854 (4th Cir. 1995) (same); Peabody Coal Co. v. Dir., Office of Workers' Comp. Programs, 40 F.3d 906, 909 (7th Cir. 1994) (all questions in respect of claim resolved where underlying liability not at issue); Youghiogheny and Ohio Coal Co. v. Vahalik, 970 F.2d 161, 163 (6th Cir. 1992) (cause of action not related to underlying benefits claim or operator responsibility determination was within traditional province of district courts).

### 3. Application of Case Law to Facts of This Case.

The case law discussed above supports the Director's position.  The insurance contract dispute in this case is not "wholly unrelated to an underlying claim for compensation."  Equitable Equip., 191 F.3d at 633.  INA admits that it is seeking a declaratory judgment from this Court in order to answer "the ultimate question of whether [San Juan] is entitled to coverage from the Plaintiff for the LHWCA claim."  Pl.'s Resp. to Mot. Partial Dismissal at 3.  Thus, the contract dispute is directly related to "the question of who, under the LHWCA, is responsible for paying [compensation] benefits," Trinity Marine, 261 F.3d at 463, and is therefore "essential to resolving the rights and liabilities of the claimant, the employer, and the insurer regarding the compensation claim under the relevant statutory law."  Id.

INA argues that the dispute in this case is not a question of "relevant statutory law," but a question of "substantive contract law," and that the Director is inappropriately trying to

---

[8] The BLBA incorporates by reference the adjudication and review procedures of the LHWCA.  See 30 U.S.C. § 932(a).

assert administrative jurisdiction over a non-LHWCA contract dispute.  But the Policy is not a "non-LHWCA contract."  Under the LHWCA, insurance carriers are forbidden from cancelling LHWCA coverage until at least thirty days have passed since notice of cancellation was sent to the District Director and to the employer.  33 U.S.C. § 936(b).  Similarly, insurance carriers are required to use only those forms of insurance policies approved by the Director and containing certain provisions mandated by statute and regulation.  See 33 U.S.C. § 936; 20 C.F.R. §§703.105-703.114.  As argued by the Director, resolving the issue of whether an alleged violation of the lay-up warranty by San Juan voided LHWCA coverage necessarily involves the interpretation and application of the LHWCA.  The dispute in this case is the type of "limited insurance contract dispute[] which arise[s] out of or under the Act, the resolution of which [is] necessary in order to determine compensation liability."  Rodman, 16 Ben. Rev. Bd. Serv. (MB) at 126.

Furthermore, INA is incorrect in its assertion that "the underlying compensation has been resolved and no factual dispute regarding the compensation claim itself must be decided."  Pl.'s Resp. to Mot. Partial Dismissal at 7.  On May 20, 2006, at the urging of INA, San Juan, and Mr. Ralston, the ALJ remanded Mr. Ralston's LHWCA benefits claim to the District Director, stating that the case was not ripe for adjudication because a final decision on the merits of Mr. Ralston's Washington State Workers' Compensation claim had not yet been issued by the state court.  Order Granting Remand, Markovich Decl., docket no. 43, ex. B, at 5.  The order reprimanded the parties for continuing to delay the adjudication of the case for more than 2.5 years, and provided that: "Should the case come back to the [OALJ] after . . . receipt of a final decision [on the Washington Workers' Compensation claim] . . . we can address any outstanding legal issues, including . . . insurance carrier liability."  Id.  A final decision on the Washington claim has since been issued, and the District Director referred the LHWCA claim back to the OALJ.  Staats Decl., docket no. 63-1, at 4.  One of the issues currently pending before the OALJ is whether INA is the liable carrier for Mr.

1  Ralston's LHWCA compensation benefits.  Id.  INA's assertion that "there is no LHWCA

2  case pending before any other forum capable of resolving the existing dispute as to . . . the

3  effects of the void nature of the insurance policy as it relates to LHWCA coverage" is

4  meritless.

5      The Director argues that recognizing subject matter jurisdiction of this Court over

6  INA's LHWCA liability would give insurance carriers an open invitation to litigate their

7  liability on LHWCA claims in civil-court forums.  The Director asserts that permitting

8  insurance carriers to litigate their liability for LHWCA claims in collateral actions outside

9  the administrative system established by Congress would defeat the purposes of the LHWCA

10  because it would delay the speedy payment of compensation and prevent the prompt

11  resolution of claims.  The Ninth Circuit has recognized that one of the goals of the LHWCA

12  is to "compensat[e] workers as efficiently as possible . . . ."  Todd Shipyards Corp. v. Black,

13  717 F.2d 1280, 1286 n.6 (9th Cir. 1983).  Given the tortured procedural history of Mr.

14  Ralston's LHWCA claim, see Order Granting Remand, the Director's concern that insurance

15  carriers will exploit the ability to institute time-consuming and expensive collateral litigation

16  may be justified.

17      INA, however, argues that "if Congress intended the DOL to have the authority to

18  adjudicate coverage issues and other contract disputes between an insurer and an employer,

19  express authority would have been included in the LHWCA."  Pl.'s Resp. to Mot. Partial

20  Dismissal at 6.  This argument is not persuasive.  The LHWCA explicitly states that deputy

21  commissioners (and therefore ALJs) "shall have *full power and authority* to hear and

22  determine *all questions* in respect of [a] claim."  33 U.S.C. § 919(a) (emphasis added).

23  While there may be limits to this power, INA has not met its burden of proof by

24  demonstrating that the LHWCA insurance dispute in this case exceeds that limit.  The

25  absence of statutory language granting administrative tribunals the specific power to decide

26  LHWCA-related contractual issues that are necessary to resolve a claim for benefits does not

ORDER   -12-

automatically mean that such power lies with the district courts.  See Thunder Basin Coal Co., 510 U.S. at 208 (holding that, although Mine Safety and Health Administration Act was facially silent with respect to pre-enforcement claims, its comprehensive statutory-review scheme indicated that Congress intended to preclude district courts from exercising jurisdiction over pre-enforcement challenge to the Act).

## CONCLUSION

The LHWCA insurance coverage dispute in this case is a "question in respect of [a] claim."  Because INA failed to rebut the presumption of exclusive administrative jurisdiction over this question, INA has not met its burden of proof by establishing the actual existence of subject matter jurisdiction.  Accordingly, the Court GRANTS the Director's motion for partial dismissal for lack of subject matter jurisdiction, docket no. 36.[9]

IT IS SO ORDERED.

DATED this 25th day of July, 2006.

Thomas S. Zilly
United States District Judge

---

[9]  The Court retains jurisdiction over the contractual issues unrelated to LHWCA coverage.

ORDER   -13-